**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CARLISA STOVER, on behalf of E.L.,**

       **Plaintiff,**　　　　　　　　　　1:04-CV-1467
　　　　　　　　　　　　　　　　　　　　　　　　(NAM/GHL)
**v.**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**
_____

APPEARANCES:　　　　　　　　　　　　　　OF COUNSEL:

Empire Justice Center　　　　　　　　　　　　Louise Marie Tarantino, Esq.
119 Washington Avenue
2nd Floor
Albany, NY 12210
*For Plaintiff*

Andrew T. Baxter, Acting　　　　　　　　　　William H. Pease,
United States Attorney　　　　　　　　　　　Assistant United States Attorny
Office of the United States Attorney
100 South Clinton Street
Syracuse, NY 13261-7198
*For Defendant*

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

    Plaintiff Carlisa Stover on behalf of her son E.L., brings the above-captioned action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the Commissioner of Social Security's decision to deny her application for supplemental security income on behalf of her son. The parties moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. The Court referred this matter

to United States Magistrate Judge George H. Lowe pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(d) for a Report and Recommendation.  Magistrate Judge Lowe reported that: (1) the Administrative Law Judge failed to apply the correct legal standard when considering whether E.L.'s condition, Attention Deficit Hyperactive Disorder ("ADHD"), met or medically equaled the requirements of a listed impairment; and (2) that, in any event, the ALJ's conclusion that E.L.'s condition did not meet or medically equal a listed impairment was not supported by substantial evidence.  Magistrate Judge Lowe therefore recommended that the Court remand this matter to the Commissioner for further proceedings.

## OBJECTIONS

Presently before the Court is the Commissioner's objection to the Report and Recommendation.  Pursuant to 28 U.S.C. § 636(b)(1)(c), the Court engages in a *de novo* review of any part of a Report and Recommendation to which a party specifically objects.  Failure to object to any portion of a Report and Recommendation operates as a waiver of further judicial review of those matters.  *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993); *Small v. Secretary of Health & Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989).

In this case, the Commissioner agrees that remand is necessary but objects to the Report and Recommendation to the extent it recommends remand solely for calculation of benefits. Having reviewed the Report and Recommendation, the Court concludes that the Commissioner misapprehends Magistrate Judge Lowe's recommended disposition, which explicitly contemplates remand for "further proceedings", including application of the correct legal standard and consideration of the evidence which suggests that E.L.'s condition satisfies the criteria of Listing 112.11.  *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1.

**Social Security - Standard of Review**

Under 42 U.S.C. §§ 405(g) and 1383(c)(3), the Court does not employ a *de novo* review, but rather must determine whether substantial evidence supports the Commissioner's findings and that the correct legal standards have been applied. *See Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991); *Urtz v. Callahan*, 965 F. Supp. 324, 325-26 (N.D.N.Y. 1997) (citing, *inter alia*, *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). Substantial evidence is "more than a mere scintilla," it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938).

The ALJ must set forth the crucial factors supporting the decision with sufficient specificity. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). Where the ALJ's findings are supported by substantial evidence, the court may not interject its interpretation of the administrative record. *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988); 42 U.S.C. § 405(g). Where the weight of the evidence, however, does not meet the requirement for substantial evidence or a reasonable basis for doubt exists as to whether correct legal principles were applied, the ALJ's decision may not be affirmed. *Johnson*, 817 F.2d at 986.

**Determination of Childhood Disability**

An individual under the age of eighteen is disabled, and thus eligible for SSI benefits, if he

> has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(I). That definitional provision goes on to exclude from coverage any "individual under the age of 18 who engages in substantial gainful activity. . . ." 42 U.S.C.

3

§ 1382c(a)(3)(C)(ii). By regulation, the agency has prescribed a three-step evaluative process to be employed in determining whether a child can meet the statutory definition of disability. 20 C.F.R. § 416.924; *Kittles v. Barnhart*, 245 F. Supp. 2d 479, 487-88 (E.D.N.Y. 2003); *Ramos v. Barnhart*, 02 Civ. 3127, 2003 WL 21032012, at *7 (S.D.N.Y. May 6, 2003). The first step of the test, which bears some similarity to the familiar, five-step analysis employed in adult disability cases, requires a determination of whether the child has engaged in substantial gainful activity. 20 C.F.R. § 416.924(b); *Kittles*, 245 F. Supp. 2d at 488. If so, then both statutorily and by regulation the child is ineligible for SSI benefits. 42 U.S.C. § 1382c(a)(3)(c)(ii); 20 C.F.R. § 416.924(b).

If the child has not engaged in substantial gainful activity, then the second step requires examination of whether the child suffers from one or more medically determinable impairments that, either singly or in combination, are severe – that is, which causes more than a minimal functional limitation. 20 C.F.R. § 416.924(c); *Kittles*, 245 F. Supp. 2d at 488; *Ramos*, 2003 WL 21032012, at *7.

If the existence of a severe impairment is discerned, the agency must determine, at the third step, whether it meets or equals a presumptively disabling condition identified in the listing of impairments set forth by regulation, 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "listings"). *Id*. Equivalence to a listing can be either medical or functional. 20 C.F.R. § 416.924(d); *Kittles*, 245 F. Supp. 2d at 488; *Ramos*, 2003 WL 21032012, at *7. If an impairment is found to meet, or qualify as medically or functionally equivalent to, a listed disability, and the twelve month durational requirement is satisfied, the child will be deemed disabled. 20 C.F.R. § 416.924(d)(1); *Ramo*s, 2003 WL 21032012, at *8.

4

At issue in this case is the ALJ's conclusion at the third step that E.L.'s impairments, including ADHD, "do not meet or medically equal the requirements of a listing in the Listing of Impairments". T. 18. The parties agree that: (1) the ALJ failed to analyze and explain why Listing 112.11 was not met in this case; and (2) the ALJ's conclusion that E.L.'s impairments did not meet or equal listing 112.11 is not supported by substantial evidence. The sole issue before the Court is the Commissioner's objection to Magistrate Judge Lowe's recommendation that this matter be remanded for the purpose of awarding benefits.

The Second Circuit has instructed that: "When there are gaps in the administrative record or the ALJ has applied an improper legal standard, we have, on numerous occasions, remanded to the [Commissioner] for further development of the evidence." *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980). Where, however, "the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose," the proper remedy is remand solely for calculation of benefits. *Parker*, 626 F.2d at 235; *accord Carroll v. Sec'y of Health & Human Servs*., 705 F.2d 638, 644 (2d Cir. 1983).

After reviewing the ALJ's decision, and the evidence in the record, Magistrate Judge Lowe stated that plaintiff "met her burden" of showing that E.L's impairment and diagnosis of ADHD met all of the specified criteria of Listing 112.11,[1] Dkt.

---

[1]Listing 112.11 provides:

Attention Deficit Hyperactivity Disorder: Manifested by developmentally inappropriate degrees of inattention, impulsiveness, and hyperactivity.

The required level of severity for these disorders is met when the requirements in both A and B are satisfied.

A. Medically documented findings of all three of the following:

5

No. 18, p.7.  Read alone, this statement suggests that Magistrate Judge Lowe was recommending a finding that plaintiff was disabled.  When considered, however, together with Magistrate Judge Lowe's findings that the ALJ failed to apply the correct legal standards, Dkt. No. 18, p. 10, and the ALJ's conclusion that E.L.'s impairment did not meet or equal a listed impairment was not supported by substantial evidence, *id*., and repeated recommendation that

---

    1. Marked inattention; and
    2. Marked impulsiveness; and
    3. Marked hyperactivity; And

B. For older infants and toddlers (age 1 to attainment of age 3), resulting in at least one of the appropriate age-group criteria in paragraph B1 of 112.02; or, for children (age 3 to attainment of age 18), resulting in at least two of the appropriate age-group criteria in paragraph B2 of 112.02.

20 C.F.R. Pt. 404, Subpt. P, App. 1, 112.11.  Paragraph B2 of Listing 112.02 states:

For children (age 3 to attainment of age 18), resulting in at least two of the following:

a. Marked impairment in age-appropriate cognitive/communicative function, documented by medical findings (including consideration of historical and other information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized psychological tests, or for children under age 6, by appropriate tests of language and communication; or
b. Marked impairment in age-appropriate social functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, the results of appropriate standardized tests; or
c. Marked impairment in age-appropriate personal functioning, documented by history and medical findings (including consideration of information from parents or other individuals who have knowledge of the child, when such information is needed and available) and including, if necessary, appropriate standardized tests; or
d. Marked difficulties in maintaining concentration, persistence, or pace.

20 C.F.R. Pt. 404, Subpt. P, App. 1, 112.02(B)(2).

this matter be remanded for "further proceedings", Dkt. No. 18, p. 2, 11, the Court concludes that Report and Recommendation calls for the ALJ, on remand, to discuss Listing 112.11 and apply the evidence to the requirements set forth therein. Indeed, Magistrate Judge Lowe specifically noted that in this particular case, the Court "'cannot make an independent determination as to whether the record supports a finding that Plaintiff meets or equals (a Listing). Instead . . . . the ALJ needs to articulate his basis for finding that Plaintiff does not meet or equal the criteria' for a particular Listing." *Id*. at p.7 (citing *Hendricks v. Commissioner of Social Security*, 452 F.Supp.2d 194, 199 (W.D.N.Y. 2006)).

In support of its argument against remand solely for calculation of benefits, the Commissioner argues that most of the documentation referred to in the Report and Recommendation related to E.L.'s functioning prior to the relevant time period, involved nonmedical evidence and an unacceptable medical source, and did not, in any event, show an impairment marked in degree. Magistrate Judge Lowe cited these documents in support of the proposition that the ALJ's finding that E.L.'s impairment did not meet or equal Listing 112.11 was not supported by substantial evidence, rather than a conclusion that application of the correct legal standards could only lead to a finding of disability. Moreover, while the issues the Commissioner raises may be appropriate areas of inquiry for the ALJ when addressing the evidence and whether it meets or equals Listing 112.11, the Court declines to weigh the evidence and apply the criteria of Listing 112.11 in the first instance. Accordingly, having reviewed the Administrative Transcript and the Report and Recommendation, the Court finds the Commissioner's objection is without merit.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Report and Recommendation is adopted in its entirety; and it is further

**ORDERED** that this matter is remanded to the Commissioner to address Listing 112.11 and apply the evidence to the requirements set forth therein.

**IT IS SO ORDERED.**

Dated: September 16, 2008
    Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge